IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CECELIA LAVADA COLLINS, )
        Plaintiff, )
)
  -vs- ) Civil Action No. 17-473
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

**I.**    **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed her applications alleging disability since November 1, 2011. (ECF No. 8-10, pp. 2, 13). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on July 30, 2015. (ECF No. 8-6). On October 6, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-5, pp. 5-17).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Conflicts between the Vocational Expert ("VE") Testimony and the Residual Functional Capacity ("RFC") [2]

Plaintiff first argues that the case should be remanded because there were inconsistencies between the VE's testimony and the RFC. (ECF No. 12, pp. 10-14). Specifically, Plaintiff contends the ALJ found Plaintiff was limited to less than a full range of unskilled work yet the jobs the ALJ found Plaintiff capable of performing are all reasoning level two or higher,[3] which Plaintiff argues is inconsistent with a reduced range of simple work. *Id.* at p. 10. Plaintiff submits that the ALJ was required to resolve this conflict, but failed to do so. *Id.* Therefore, Plaintiff concludes that remand is warranted. *Id.*

I turn to SSR 00-4p for guidance on this matter. *See* 2000 WL 1898704. It provides that:

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with a number of certain exceptions. (ECF No. 8-5, p. 11).

[3] "Reasoning levels in the Dictionary of Occupational Titles range from level 1 to level 6" with level 1 being the lowest reasoning level and level 6 requiring the most reasoning. *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014).

3

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT.[4] When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. *At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.*

*See* SSR 00-4p, 2000 WL 1898704 (emphasis added)(footnote added). SSR 00-4p also explains that a reasonable explanation for a conflict or apparent conflict, which may provide a basis for relying on the evidence from the vocational expert, rather than the DOT information, exists where "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." *Id.* The Court of Appeals for the Third Circuit similarly requires an ALJ to address and resolve any material inconsistencies or conflicts between the vocational expert's testimony and the DOT descriptions. *See Boone v. Barnhart*, 353 F.3d 203, 206 (3d Cir. 2004). Indeed, the failure to do so may necessitate a remand. *Id*.

In this case, Plaintiff suggests that the ALJ did not ask the VE if his testimony was consistent with the DOT, did not elicit testimony to resolve any conflict and simply stated in his determination that he (the ALJ) found the VE's testimony and the information contained in the DOT are consistent. (ECF No. 13, pp. 11-14). This is not exactly accurate. At the hearing, the ALJ specifically asked the VE about conflicts. (ECF No. 8-6, p. 51).

ALJ:    Sir, do you understand if you do testify, contrary to the DOT you must point out the conflict and provide the basis for your testimony.

---

[4] DOT stands for the Dictionary of Occupational Titles. *Zirnsak v. SS,* 777 F.3d 607, 616 (3d Cir. 2014). "'The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job.'" *Id., quoting McHerrin v. Astrue,* Civil Action No. 09-2035, 2010 WL 3516433, at *3 (E.D. Aa. Aug. 31, 2010).

4

VE: Yes, Your Honor.

*Id.* In response to questioning by the ALJ, the VE identified three jobs that a person with Plaintiff's RFC could perform: a document preparer, a surveillance system monitor and a hand packer. (ECF No. 8-6, pp. 51-58). At no point during the VE's testimony did the VE point out that any conflict exists nor did the ALJ inquire any further about conflicts. *Id.* at pp. 51-58. In his decision, the ALJ stated "[p]ursuant to SSR 00-04p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (ECF No. 8-5, p. 17). Plaintiff submits, however, that there are apparent conflicts with the reasoning levels of the jobs identified by the VE (as the DOT describes those jobs as having reasoning levels 2 and 3)[5] and the RFC posited by the ALJ which limited Plaintiff to performing simple, routine tasks, such as those akin to requirements of work at the specific vocational preparation[6] 1 or 2 levels. (ECF No. 13, pp. 11-14). As such, Plaintiff submits that the ALJ should have inquired further to resolve the apparent conflict regarding the reasoning levels. *Id.* I agree.

There is no dispute that the reasoning levels of the jobs identified by the VE are 2 and 3.[7] The Third Circuit has held that "there is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). Here,

---

[5] A reasoning level is one of the three divisions of the general educational development. *Appx C,* Dictionary of Occupational Titles. Reasoning level 1 involves applying commonsense understanding to carry out simple one- or two-step instructions in standardized situations with occasional or no variables on the job. *Id.* Reasoning level 2 involves applying commonsense understanding to carry out detailed but uninvolved written or oral instruction in problems involving a few concrete variables in standardized situations. *Id.*

[6] Specific vocational preparation ("SVP") is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Appx C,* Dictionary of Occupational Titles. SVP levels 1 and 2 is defined as anything beyond short demonstration up to and including 1 month. *Id.*

[7] As opposed to a job with a level 2 reasoning, a job with a reasoning level of 3 involves applying commonsense understanding to carrying out instructions furnished in written, oral, or diagrammatic form in dealing with problems involving several concrete variables in or from standardized situations. *Appx C,* Dictionary of Occupational Titles.

the ALJ asked the VE to assume a hypothetical person with Plaintiff's specific RFC and the VE testified about a "representative sample" of jobs that exist in significant numbers in the national economy that such a person could perform. (ECF No. 8-6, pp. 52-58). Plaintiff, however, contends that she cannot perform said jobs given her borderline intellectual functioning.[8] (ECF No. 13, pp. 11-14). Additionally, Plaintiff's counsel asked the VE if someone had a marked limitation in carrying out even simple instructions would they be able to perform the unskilled jobs identified and the VE responded they would not. (ECF No. 8-6, p. 56). Based on the same, I find there appears as though there may be a conflict which the ALJ did not address. (ECF No. 8-5, p. 17). Without more, I find the ALJ fell short of meeting the requirements of resolving apparent conflicts between the VE, the DOT and the RFC. Plaintiff is entitled to an explanation as to how such apparent conflict is reconciled by the ALJ. Consequently, I find remand is warranted.

### C. <u>Weighing Opinion Evidence as it relates to Plaintiff's RFC</u>

Plaintiff also argues that the ALJ erred in the weighing of the opinion evidence of Dr. Deines in formulating her RFC. (ECF No. 13, pp. 14-16). Specifically, Plaintiff submits that the ALJ gave "greater weight" to the opinion of Dr. Deines but failed to incorporate the marked limitations identified by Dr. Deines into the RFC without explanation. *Id.* As such, Plaintiff submits that remand is warranted.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

---

[8] The ALJ found Plaintiff's borderline intellectual functioning to be a severe impairment. (ECF No. 8-5, p. 7).

obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

Plaintiff argues that the ALJ gave "greater weight" to Dr. Deines' opinion as to her "fund of knowledge and cognitive functioning" but did not include all of the limitations set forth by Dr. Deines in the RFC. *Id.* Dr. Deines opined that Plaintiff was marked limited in her ability to carry

7

out simple instructions, carry out complex instruction, and make judgments on complex work-related decisions. (ECF No. 8-27, p. 21). Plaintiff submits that because the ALJ gave this opinion greater weight, the above mentioned limitations should have been accounted for in the RFC. (ECF No. 13, pp. 14-16) The ALJ found, however, that Plaintiff has the RFC to perform sedentary work with the both physical and mental limitation including, *inter alia,* "she would be limited to understanding remembering, and carrying out simple instructions and performing simple, routine tasks such as those akin to requirements of work at the SVP1 or SVP2 levels…." (ECF No. 8-5, p. 11). Therefore, Plaintiff submits that the ALJ's RFC falls short of that since it does not include the marked limitations identified by Dr. Deines. (ECF No. 13, pp. 14-16).

After a review of the record, I agree. Certainly, the ALJ is not required to accept Dr. Deines' opinion at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ failed to articulate why he gave greater weight to the opinion of Dr. Deines as it relates to Plaintiff's fund of knowledge and cognitive functioning, but did not account for the marked limitations opined by him in the RFC. The failure to provide an explanation prohibits me

8

from conducting a proper and meaningful review. Therefore, I find the ALJ's is not based on substantial evidence and remand is warranted on this issue as well.

### D. **Credibility**

Additionally, Plaintiff submits that the ALJ erred in assessing her credibility. (ECF No. 11, pp. 16-20). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Since I am remanding this case based on the issues stated above, the ALJ's credibility determination cannot stand. It must be reviewed again on remand. Accordingly, I am remanding this case for full and proper analysis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CECELIA LAVADA COLLINS, )
        Plaintiff, )
  -vs- ) Civil Action No. 17-473
NANCY A. BERRYHILL,[9] )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 10th day of, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                          BY THE COURT:

                          s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge

---

[9] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.